UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARIE CROWLEY,

        Plaintiff,

vs.                              Case No.: 8:14-cv-1796-T-30TBM

OSPREY EXHIBITS AND GRAPHICS, INC.,
a Florida corporation; and RONALD
FASSLER, an individual,

        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AND
SUPPORTING MEMORANDUM OF LAW**

Defendants, by and through their undersigned counsel, hereby move for entry of an Order dismissing Count I of the Complaint, the only count over which the Court has subject matter jurisdiction.

**MEMORANDUM OF LAW**

**I.    STANDARD OF REVIEW**

Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The pleading standard under Rule 8 demands more than "labels and conclusions" and, thus, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 679.

## II.   PLAINTIFF'S ALLEGATIONS DO NOT SUPPORT ENTERPRISE OR INDIVIDUAL COVERAGE

The primary problem is that the Complaint provides no factual allegations about the nature of Plaintiff's work or the nature of Defendant's business. Plaintiff does not properly allege enterprise or individual coverage.

### A.   Enterprise Coverage

Nowhere does Plaintiff allege that Defendant receives gross revenues of $500,000 per year and enterprise coverage is not properly alleged. In order to be eligible for FLSA overtime, an employee must first demonstrate that she is covered by the FLSA. An employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). Mere allegations that a defendant is an enterprise engaged in interstate commerce or in the production of good for commerce

is merely a recitation of the statutory language and fails under the Twombly-Iqual standard. See Perez v. Muab, Inc., No. 10-62441-Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011); Bailey v. Cooper, No. 10-81596-Civ, 2011 WL 818110, at *2 (S.D. Fla. Mar. 2, 2011).

### B. Individual Coverage

Plaintiff's Complaint does not describe her duties. Paragraph 12 is wholly conclusory and uses labels and conclusions. An employee may claim individual coverage if she regularly and directly participates in the actual movement of persons or things in interstate commerce. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-1299 (11th Cir. 2011). As the court held in Thorne v. All Restorations Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006), this requires that the employee either "(i) [work] for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) [regularly use] the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." 448 F.3d at 1266 (citations omitted; emphasis added). The Complaint here does not contain factual content which rises above a speculative level from which to conclude that Plaintiff can avail herself of individual coverage. See Kendrick v. Eagle Intern. Group, LLC, 2009 WL 3855227, * 3 (S.D. Fla. Nov. 17, 2009) ("[T]he Complaint alleges that `Plaintiff's job duties were such that she was individually engaged in interstate commerce.' . . . Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss.").

Plaintiff does not claim that Defendant itself is an instrumentality of commerce. See See Josendis, 662 F.3d at 1316 (finding that, while the defendant's engaging in interstate commerce may be relevant under a theory of enterprise coverage, it is irrelevant to the

individual coverage inquiry). Merely "handling goods ... that have previously traveled in interstate commerce does not constitute engaging in interstate commerce." Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012); see also Thorne, 448 F.3d at 1267 (finding that an employee who engages in intrastate movement of goods, which have been previously moved in interstate commerce, is not covered under the FLSA). In order to plead individual coverage, a plaintiff must at least allege that the goods continued to move in interstate commerce after she handled them. See Lopez v. Top Chef. Inv., Inc., 2007 U.S. Dist. LEXIS 88120, at *4-5 (S.D. Fla. Nov. 30, 2007) (finding no individual coverage for a cook at a local restaurant because he "[did] not allege that the food later returned to interstate commerce."). In the Eleventh Circuit, to be covered under the Act, a plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." Thorne, 448 F.3d at 1266.

WHEREFORE, Defendant's Motion should be granted.

Respectfully submitted,

BERMAN LAW FIRM, P.A

By: *Craig L. Berman*
Craig L. Berman, Esquire
Fla. Bar No. 068977
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
craig@bermanlawpa.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on August 8, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                    *Craig L. Berman*
                    Attorney