**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARIE CROWLEY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　Case No.  8:14-cv-1796-T-30TBM

**OSPREY EXHIBITS AND GRAPHICS,**
**INC., a Florida Corporation and RONALD**
**FASSLER, an Individual,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 7). Upon review of the motion, the Court concludes that the motion should be granted because Count I of Plaintiff's complaint fails to allege sufficient facts to establish enterprise or individual coverage under the Fair Labor Standards Act ("FLSA").  Accordingly, the Court sees no reason to wait for a response from Plaintiff on this issue.  Plaintiff may amend her complaint to remedy the pleading deficiencies.

## BACKGROUND

On July 25, 2014, Plaintiff Carie Crowley filed the instant action against Defendants Osprey Exhibits and Graphics, Inc., her employer during the relevant time, and Defendant Ronald Fassler, an owner, shareholder, and officer of Osprey.  Count I of the complaint alleges a violation of the FLSA.  Specifically, Crowley alleges that, during her employment,

she regularly worked in excess of forty hours per week but did not receive overtime compensation.

Defendants move to dismiss Count I under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Crowley does not allege sufficient factual allegations to support enterprise or individual coverage under the FLSA.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

To establish a claim for overtime compensation under the FLSA, Crowley must allege facially plausible facts that would support a conclusion that: (1) Osprey is an enterprise

---

[1] Defendants do not move to dismiss Counts II and III of the Complaint; these claims are Florida claims for unpaid wages and detrimental reliance, respectively.

engaged in commerce with an annual gross business volume of at least $500,000 (enterprise coverage) or (2) Crowley engaged in commerce or in the production of goods for commerce (individual coverage). *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th. Cir. 2011).

The majority of Crowley's allegations are conclusory and lack the factual basis to support the allegations of enterprise or individual coverage. For example, Crowley does not allege the nature of Osprey's business. Crowley also does not allege the nature of her work. This is insufficient to state an FLSA claim under Rule 12(b)(6). Accordingly, Count I must be dismissed without prejudice to Crowley to amend to set forth the nature of Osprey's business and precisely what she did in the course of her employment, taking care to explain how Osprey's business, and Crowley's work for the company, connected to interstate commerce. *See Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (holding: "The primary problem is that the Complaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, *see* Compl. ¶ 17, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services Aventura Limousine provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required.").

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 7) is granted.

2. Count I of the Complaint is dismissed without prejudice to Plaintiff to amend this claim within fourteen (14) days of this Order to allege facts consistent with the Court's ruling herein. If Plaintiff does not amend Count I during this time, this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1796.mtdismiss-grant-FLSA.frm